UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

A.C., individually and on behalf of A.S.C., a minor,

Plaintiffs,

-against-

UNITED HEALTHCARE, INC., and
OXFORD HEALTH INSURANCE, INC.,

Defendants.

Case No. 1:26-cv-03160 (JLR)

**OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

A.C., who has filed this action under a pseudonym, seeks leave of the Court to continue proceeding anonymously. For the following reasons, the Court GRANTS the motion.

## BACKGROUND

### I.    Procedural History

On April 17, 2026, A.C. ("Plaintiff" or "A.C.") initiated this action, challenging determinations made by Defendants United Healthcare, Inc. ("United") and Oxford Health Insurance, Inc. ("Oxford" and, together with United, "Defendants") to deny coverage for certain mental health treatment that A.C.'s child, A.S.C., received. *See* Dkt. 1 (the "Complaint" or "Compl.") ¶¶ 20-21, 75, 86-89. A.C. filed the Complaint anonymously, without first seeking leave of the Court to do so. On April 21, 2026, not having received a request for such leave, the Court directed Plaintiff to file it by April 27, 2026. *See* Dkt. 5. Plaintiff filed the motion on April 27, 2026. *See* Dkt. 6 ("Br."). Plaintiff has not yet served Defendants with the Complaint, and therefore Defendants have not responded to the motion.

## II.    Factual Allegations

Plaintiff alleges that, through their employment, they were a participant in a health benefits plan, which qualifies as a welfare benefits plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and under which A.S.C. (Plaintiff's minor child) was a beneficiary.  Compl. ¶¶ 2-4, 9.[1]  A.S.C., who was diagnosed with "several serious mental health disorders," received mental health treatment at a residential facility specializing in adolescent mental health treatment for ten months in 2023.  *Id.* ¶¶ 20-22.  After initially denying coverage for many of the charges incurred in that treatment, *id.* ¶¶ 26-27, and after multiple appeals by Plaintiff, *id.* ¶¶ 28, 37-38, 42, Defendants "ultimately allowed coverage for some dates of A.S.C.'s care at [the facility] but denied coverage for a significant amount of dates," *id.* ¶ 45.  *See also id.* ¶¶ 47-67 (challenging Defendants' denial of coverage for additional dates of treatment at facility).  In this action, Plaintiff seeks judgment in the total amount owed for A.S.C.'s mental health treatment and equitable relief for violation of the Mental Health Parity and Addiction Equity Act ("MHPAEA"), 29 U.S.C. § 1132(a)(3).  *Id.* at 20-21.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 10, "[t]he title of the complaint must name all the parties."  Fed. R. Civ. P. 10(a).  Rule 10 "serves the vital purpose of facilitating public scrutiny of judicial proceedings," because "[i]dentifying parties in a proceeding 'is an important dimension of publicness,' as 'people have a right to know who is using their courts.'"  *United States v. Pilcher*, 950 F.3d 39, 42 (2d Cir. 2020) (per curiam) (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008)).  "A plaintiff seeking to proceed pseudonymously must rebut the presumption of openness and demonstrate that [their] 'need for

---

[1] Plaintiff's gender is not provided in the Complaint, and therefore the Court refers to them using neutral third-person pronouns they/them.

anonymity' outweighs the 'countervailing interests in full disclosure,' including 'the public interest in disclosure and any prejudice to the defendant.'" *Doe v. Combs*, No. 25-986, 2026 WL 742650, at *1 (2d Cir. Mar. 17, 2026) (summary order) (quoting *Sealed Plaintiff*, 537 F.3d at 189). This presumption is outweighed only "[i]n narrow circumstances." *Doe v. Brown Harris Stevens Residential Mgmt., LLC*, 809 F. Supp. 3d 163, 165 (S.D.N.Y. 2025).

Courts weighing these competing interests consider the following ten non-exhaustive factors set forth by the Second Circuit in *Sealed Plaintiff*:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 190 (alterations and omissions in original) (citations and internal quotation marks omitted). "[A] district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Combs*, 2026 WL 742650, at *1 (quoting *Sealed Plaintiff*, 537 F.3d at 191 n.4). "The Court must evaluate the relevant factors even when the motion is unopposed." *Brown Harris Stevens*, 809 F. Supp. 3d at 165.

In this instance, A.C. has properly omitted A.S.C.'s name from the Complaint, notwithstanding Rule 10's requirements, given that A.S.C. is a minor. *See* Fed. R. Civ. P.

5.2(a)(3) ("[I]n an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor . . . the filing may include only: . . . the minor's initials[.]"). Thus, as Plaintiff notes, *see* Br. at 3, the question before the Court is whether A.C. may proceed anonymously.

## DISCUSSION

The Court, applying the *Sealed Plaintiff* factors in turn, finds that the balance weighs in favor of permitting Plaintiff to proceed anonymously, and therefore grants Plaintiff's motion.

### I.    Factors One, Four, and Seven: The Highly Sensitive and Personal Nature of Plaintiff's Claims, Plaintiff's Particular Vulnerability, and Plaintiff's Confidentiality So Far

The first, fourth, and seventh *Sealed Plaintiff* factors (whether the litigation involves highly sensitive and personal subject matter, whether Plaintiff is particularly vulnerable to risks of disclosure, and whether Plaintiff has maintained confidentiality so far) weigh in favor of anonymity.

The Court begins with the fourth factor, because it structures the rest of the Court's analysis. "[W]hen considering whether a plaintiff is particularly vulnerable to harm from being identified, '[t]he plaintiff's age is a critical' consideration[.]" *Doe v. Combs*, No. 25-cv-00996 (JLR), 2025 WL 3141741, at *4 (S.D.N.Y. Nov. 10, 2025) (quoting *Doe v. Combs*, No. 23-cv-10628 (JGLC), 2024 WL 863705, at *4 (S.D.N.Y. Feb. 29, 2024)). Generally, then, "[i]f a plaintiff is not a child, this factor weighs against a finding for anonymity." *Doe v. Telemundo Network Grp. LLC*, No. 22-cv-07665 (JPC), 2023 WL 6259390, at *5 (S.D.N.Y. Sept. 26, 2023) (quoting *Rapp v. Fowler*, 537 F. Supp. 3d 521, 530 (S.D.N.Y. 2021)). Here, however, Plaintiff points out that "if A.C. is publicly identified, it will be an easy matter to identify A.S.C." Br. at 5. The Court agrees. "Although [A.S.C.] would be able to proceed via an abbreviation even if the Court denied Plaintiff's request, at least one court has recognized that 'since a parent must

4

proceed on behalf of a minor child, the protection afforded to the minor would be eviscerated unless the parent was also permitted to proceed using initials.'" *Be v. Comcast*, No. 20-cv-08571 (JPC), 2021 WL 694556, at *2 (S.D.N.Y. Feb. 23, 2021) (alteration adopted) (citation omitted) (quoting *P.M. v. Evans-Brant Cent. Sch. Dist.*, No. 08-cv-00168A, 2008 WL 4379490, at *3 (W.D.N.Y. Sept. 22, 2008)); *accord Doe v. Salina*, No. 23-cv-03529 (JMW), 2024 WL 1259362, at *5 (E.D.N.Y. Mar. 25, 2024).  Given that A.S.C.'s identity is bound up with A.C.'s in this way, the Court equates disclosure of A.C.'s identity with disclosure of A.S.C.'s for purposes of evaluating A.C.'s motion to proceed anonymously.

As to the first *Sealed Plaintiff* Factor, the claims for which Plaintiff seeks payment under their benefits plan pertain to A.S.C.'s mental health treatment, and "medical and mental health information are undoubtedly" highly sensitive and personal.  *P.D. v. Sullivan*, No. 24-cv-00778 (NSR), 2024 WL 1719890, at *2 (S.D.N.Y. Apr. 22, 2024); *see also Mazzocchi v. Windsor Owners Corp.*, No. 11-cv-07913 (LBS), 2012 WL 3288240, at *1 n.2 (S.D.N.Y. Aug. 6, 2012) ("Information relating to an individuals' mental health" is "information of 'the utmost intimacy.'" (quoting *Guerrilla Girls, Inc. v. Kaz*, 224 F.R.D. 239, 242 (E.D.N.Y. 1998))).  Accordingly, the first factor weighs in favor of anonymity.  *See Be*, 2021 WL 694556, at *1 (finding that first factor weighed in favor of anonymity where the "case entails highly sensitive and personal matters involving Plaintiff's daughter's mental health"); *cf. J.L. ex rel. J.P. v. N.Y.C. Dep't of Educ.*, No. 17-cv-07150 (PAC) (KHP), 2024 WL 291218, at *3 (S.D.N.Y. Jan. 25, 2024) (noting that "[c]ourts frequently permit plaintiffs in IDEA actions to proceed anonymously in order to protect the privacy interests of minor plaintiffs").

Moreover, although Plaintiff's motion does not address the seventh factor, Plaintiff has omitted their and A.S.C.'s identities (and even genders) from all documents filed with the Court thus far.  *See Doe v. Juan Gonzales Agency Corp.*, No. 21-cv-00610 (PMH), 2022 WL 3100669,

5

at *5 (S.D.N.Y. Aug. 4, 2022) (finding seventh factor "weighs in [p]laintiff's favor" where "[p]laintiff has kept her identity confidential to date").

Therefore, the first, fourth, and seventh factors weigh in favor of anonymity.

## II.    Factor Six: Prejudice to Defendants

The sixth factor (prejudice to Defendants) also weighs in favor of anonymity.

Although there is generally a fundamental prejudice in requiring Defendants "to defend themselves publicly" while permitting Plaintiff to make "accusations from behind a cloak of anonymity," *Brown Harris Stevens*, 809 F. Supp. 3d at 169, here the dispute concerns legal questions of whether a benefits plan entitles Plaintiff to coverage; these are not the type of "serious, reputation-threatening accusations" that create so prejudicial an "asymmetry" as to warrant the denial of leave to proceed anonymously, *Doe v. Shader*, No. 25-cv-00748 (PKC), 2025 WL 1446011, at *3 (S.D.N.Y. May 19, 2025) (quoting *Doe v. Freydin*, No. 21-cv-08371 (NRB), 2021 WL 4991731, at *3 (S.D.N.Y. Oct. 27, 2021)).

Plaintiff also notes that they will "provide identifying information to Defendants," and that "Defendants, as the parties who administered the claims at issue, are fully aware of the facts and circumstances of Plaintiff's claim." Br. at 6.  Generally, the Court must also consider post-discovery procedural postures as well, but this is not a case in which a jury will later have to assess the parties' credibility, inasmuch as Plaintiff is bringing ERISA claims, and "[t]here is no right to a jury trial under ERISA." *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 124 (2d Cir. 2003); *see Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015) (explaining that permitting plaintiff to proceed anonymously in a jury trial "would run a risk of giving her claims greater stature or dignity before, or otherwise confusing or distracting, the jury," or permit the jury to "conclude that she, for unknown reasons, merited extra-solicitous treatment"), *aff'd*, 672 F. App'x 48 (2d Cir. 2016) (summary order).

Therefore, this factor weighs in favor of anonymity.

### III. Factors Three and Ten: Risk of Other Harms to Plaintiff or Non-Parties, and Alternative Mechanisms for Protecting Confidentiality

The third and tenth factors weigh in favor of anonymity as well.

As to the third factor, Plaintiff argues that their anonymity is required to "protect A.S.C.'s mental health and wellbeing" because "[p]ublic disclosure of mental illness is often detrimental to a patient's mental health," and Plaintiff cautions that disclosure of A.C.'s (and thus A.S.C.'s) identity "could lead to people" cyberbullying A.S.C. or otherwise "making information about A.S.C.'s struggles available on social media." Br. at 4-5. Courts in this Circuit generally require more concrete demonstrations of these risks to support motions to proceed by pseudonym. *See, e.g.*, *Combs*, 2024 WL 863705, at *3 (collecting cases, and explaining that "[w]here a plaintiff claims that disclosure will harm that person's mental health, courts in this Circuit look for corroboration from medical professionals that detail the risk to [the] plaintiff"); *see also Sebastien v. Doe*, No. 25-cv-00911 (JAV), 2025 WL 856242, at *3 (S.D.N.Y. Mar. 19, 2025) ("[I]t is well-established that 'the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity.'" (quoting *Doe v. Leonelli*, No. 22-cv-03732 (CM), 2022 WL 2003635, at *2 (S.D.N.Y. June 6, 2022))). However, the Court is less inclined to impose such a stringent requirement in the specific context of this case, where the purported harms would affect a child rather than an adult. *See R.M. v. City of New York*, No. 24-cv-03001 (JMF), 2024 WL 4149870, at *3 (S.D.N.Y. 2024) ("Courts have been readier to protect the privacy interests of minors 'because children are conceived as more vulnerable or because the child whose privacy is at stake has not chosen for himself or herself to pursue the litigation.'" (alteration adopted) (quoting *Doe v. Townes*, No. 19-cv-08034 (ALC) (OTW), 2020 WL 2395159, at *5 (S.D.N.Y. May 12, 2020))); *Salina*, 2024 WL 1259362, at *5 (explaining that

"concerns regarding the psychological wellbeing of children are often considered sufficient to make litigation under the [IDEA] presumptively pseudonymous," and "[t]he potential stigma associated with such revelations is surely no greater than [plaintiff's children's mental health disorders] described here").

As to the tenth *Sealed Plaintiffs* factor, harms caused by disclosure can typically be avoided through "less drastic remedies than blanket anonymity, such as 'protective documents, redactions, confidentiality agreements or sealing documents.'" *Doe v. Fashion Inst. of Tech.*, No. 25-cv-00950 (JPC), 2025 WL 1920065, at *3 (S.D.N.Y. July 11, 2025) (quoting *Salina*, 2024 WL 1259362, at *7). And to be sure, Plaintiff concedes that "the exact nature of [A.S.C.'s] disorders and treatment" has "not yet [been] specified." Br. at 4. But Plaintiff has already disclosed enough information to "suggest[] a level of maladapted behavior and symptomology extreme enough to require extended residential care." *Id.*; *see also* Compl. ¶¶ 20-23 (alleging that A.S.C. received treatment at "a residential treatment provider" "from February 2, 2023 to December 21, 2023" for "several serious mental health disorders under the criteria established by the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders"). Alternative mechanisms could shield the specifics of A.S.C.'s diagnoses and care from the public, but, even then, A.S.C.'s need for and receipt of extensive mental health treatment as a child would still be a matter of public record, and "the Court is unaware of any alternative mechanisms to protect [A.S.C.]'s identity" in that regard. *Be*, 2021 WL 694556, at *1 (finding tenth factor weighed in favor of anonymity).

Therefore, the third and tenth factors weigh in favor of anonymity.

## IV.    Factors Eight and Nine: Public Interest

The eighth and ninth factors (whether the public's interest is furthered by disclosure or is atypically weak) likewise weigh in favor of anonymity.

"As a rule, 'lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties.'" *Doe v. Weinstein*, 484 F. Supp. 3d 90, 97 (S.D.N.Y. 2020) (quoting *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)). However, the Rules specifically prohibit parties from including the names of minors in any filings. *See* Fed. R. Civ. P. 5.2(a)(3) ("[I]n an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor . . . the filing may include only: . . . the minor's initials[.]"). Accordingly, the legitimacy of the public's interest in knowing A.C.'s name (which, as discussed, would permit the public to know A.S.C.'s name) is inherently lessened here. Moreover, Plaintiff's claims in this action concern whether Defendants "wrongly excluded coverage for A.S.C.'s treatment in violation of the terms of the [p]lan," Compl. ¶ 75, and whether Defendants "breached their fiduciary duties to Plaintiffs" and violated the MHPAEA in doing so, *id.* ¶¶ 78, 88. These claims raise primarily legal questions concerning rights and responsibilities created by a health benefits plan; while they are not purely legal, neither are they the sort of fact-rich allegations for which disclosure of A.C.'s and A.S.C.'s identities would further the public's interest in the litigation. *Compare Anonymous v. Anonymous*, No. 24-cv-03495 (JHR) (RFT), 2024 WL 2136745, at *4 (S.D.N.Y. May 13, 2024) (finding public interest "atypically weak" where "[p]etitioner's case appears to hinge on questions of statutory construction regarding access to medical records — purely legal issues"), *with Doe v. Fashion Inst. of Tech.*, No. 25-cv-00950 (JPC), 2025 WL 1000927, at *5 (S.D.N.Y. Apr. 3, 2025) (finding public interest *not* atypically weak where "[p]laintiff advances discrimination claims that involve 'specific factual allegations of harassment and other mistreatment by [defendant]'" (quoting *Roe v. RPI*, No. 22-cv-00932, 2022 WL 22889202, at *7 (N.D.N.Y. Oct. 12, 2022))).

Therefore, the eighth and ninth *Sealed Plaintiff* factors weigh in favor of anonymity.

**V.    Factors Two and Five: Risk of Retaliatory Harms to Plaintiff or Non-Parties and Whether Defendants are Public Parties**

The second and fifth factors (risk of retaliatory physical or mental harms to Plaintiff or non-parties, and whether the action challenges governmental or private parties' actions) weigh against anonymity.  Plaintiff has identified no risk of retaliation against A.C. or A.S.C. based on their being identified in this action, and the Court perceives no such risk either.  *See Hong v. Sun*, No. 23-cv-05500 (LTS), 2023 WL 5917714, at *2 (S.D.N.Y. Sept. 11, 2023) (finding that second factor weighed against anonymity where "[p]laintiff allege[d] no facts suggesting that disclosing his identity . . . places him or anyone else at risk of retaliatory physical or mental harm").  Moreover, Defendants are private parties.  *See Doe v. Sumitomo Fin. & Leasing, Ltd.*, No. 25-cv-04549 (MKV), 2025 WL 2171702, at *3 (S.D.N.Y. July 31, 2025) ("Courts are loathe to grant a motion to proceed anonymously against private parties.").  Therefore, these two factors weigh against anonymity.

**VI.    Balancing the Factors**

In light of the foregoing analysis — and particularly given the specific context of this case, in which disclosure of Plaintiff's identity would result in disclosure of Plaintiff's minor child's identity and mental health treatment — the Court finds that Plaintiff has rebutted the presumption against proceeding by pseudonym, and that Plaintiff and Plaintiff's child may continue in this action under the initials A.C. and A.S.C., respectively.  *See R.M.*, 2024 WL 4149870, at *3 (granting motion to proceed by pseudonym "principally because the case involves [p]laintiff's minor children").

## CONCLUSION

For all the foregoing reasons, Plaintiff's motion to proceed anonymously is GRANTED.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 6, and to issue

summonses to Plaintiff.

Dated: May 6, 2026
New York, New York

SO ORDERED.

_Jennifer Rochon_

JENNIFER L. ROCHON
United States District Judge