**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

A.C., individually and on behalf of A.S.C., a minor

Plaintiff,

-v-

United Healthcare, Inc. and Oxford Health Insurance, Inc.

Defendants.

1:26-cv-03160
Judge Jennifer L. Rochon
Magistrate Judge Valerie Figueredo

# STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

WHEREAS, the parties to this action (collectively the "Parties" and individually a "Party") agree to exchange certain Confidential Information (as defined below) on the terms and conditions set forth herein, and request that the Court issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect the confidentiality of nonpublic and sensitive private information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the prehearing phase of this action,

IT IS HEREBY ORDERED, that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon pain of contempt:

1. This Order shall apply to all documents and things subject to discovery in this action produced either by a Party or a non-party in response to or in connection with any discovery conducted in this action, including without limitation, answers to requests for production, documents and things produced (including documents and things produced for inspection), responses to written and electronic discovery requests, and answers to requests for admission, testimony adduced at depositions upon oral examination or upon written questions, as well as any and all copies, abstracts, digests, notes and summaries thereof (the "Discovery Material") and shall continue to apply to them during the entire prehearing phase of this litigation, including discovery, dispositive motion practice, and prehearing motion practice.

2. With respect to Discovery Material that a person or party has designated as "Confidential" pursuant to this Order ("Confidential Discovery Material"), no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

**Definitions**

3. For the purposes of this Order, "Document" shall mean any written, typed, electronic, or printed matter of any kind, computer print-outs, sound recordings, electronic data, photographs or any other media for preparing, duplicating or recording written or spoken words.

4. "Producing Party" means the party designating as "Confidential" any information

that it produces, is asked to produce, or whose information is sought from or produced by another person.

5. "Receiving Party" means the party receiving or requesting production of information designated as "Confidential."

**Designation of Documents as Confidential**

6. The Producing Party may designate as confidential any documents, information, or deposition testimony that it reasonably and in good faith believes contains information that, if disclosed, would be likely to cause damage to, or invade the privacy of, any party or other individual, or would be likely to cause any form of damage, economic loss or disadvantage, or competitive harm. Such material may include, but is not limited to:

(a) information prohibited from disclosure by statute;

(b) information that reveals trade secrets;

(c) research, technical, commercial or financial information that the party has maintained as confidential;

(d) medical information concerning any individual;

(e) personal identity information;

(f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or

(g) personnel or employment records of a person who is not a party to the case.

7. Information or documents designated confidential by counsel for the Producing Party shall bear a label and/or legend under the following terms:

(a) All Confidential Discovery Material shall bear the label and/or legend "CONFIDENTIAL" (or a substantial equivalent).

(b) The label and/or legend described in paragraph 7(a) shall be placed, where possible, in the lower corner of the document, and in a manner which will not interfere with the legibility of the written information. Any Confidential Discovery Material so identified shall be subject to the provisions of this Order until further order of the Court. Furthermore, the term "Confidential" applies not only to the materials originally produced by the Parties in this case but any derivative of such materials, including but not limited to copies, notes, summaries, or any other materials containing information located in the Confidential Discovery Material.

8. Any documents or materials designated as "Confidential" shall be stamped as such, but the inadvertent failure to stamp/designate such shall not defeat a claim that a particular item is confidential. Any document or material that is initially produced without bearing a confidentiality designation shall not operate as a waiver of the right to assert such protection and any document or material may later be so designated as "Confidential."

9. The Producing Party or any other Party may designate any Discovery Material initially produced without a confidentiality designation, whether produced by that Counsel's client or by any other Party, (or information contained in such previously produced Discovery Material), as "Confidential" if Counsel for that Party determines, reasonably and in good faith, that such designation is necessary to protect the interests of the Party in accordance with paragraphs 6 and 7. That Counsel shall have until thirty (30) days after receipt of the said Discovery Material within which to inform in writing all other Parties that the Discovery Material or information contained in the Discovery Material is to be designated as "Confidential" in accordance with paragraphs 6 and 7, which period may be extended by agreement of the Parties. Thereafter, all persons subject to this Order will treat such designated Discovery Material or portion(s) thereof as "Confidential."

10. Any deposition testimony in this action may, in whole or in part, be designated as "Confidential," by advising the reporter and counsel for the opposing Parties of such fact or thereafter by notifying opposing counsel in writing. All transcripts of depositions shall be treated as "Confidential" until thirty (30) business days after receipt thereof by counsel for the Party or third-party witnesses. Failure to designate a portion of a deposition as a "Confidential" within thirty (30) business days shall not operate as a waiver of the right to assert such protection, and any portion may later be so designated as "Confidential." The reporter for any deposition will mark pages that contain testimony designated as "Confidential." Any portions of a transcript of a deposition discussing Confidential Materials shall automatically be deemed "Confidential", regardless of designation. Similarly, any portions of a transcript of a deposition discussing information as described in paragraph 6 shall automatically be deemed "Confidential," regardless of designation. Similarly, any portions of a transcript of a deposition discussing mental or physical health, clinical or insurance records shall automatically be deemed "Confidential," regardless of designation.

**Health Information**

11. This Order shall be considered a HIPAA-Qualified Protective Order complying with 45 C.F.R. § 164.512(e)(l)(v)(A) and (B) and authorizing disclosure of protected health information pursuant to 45 C.F.R. § 164.512(e)(l)(iv)(A).

12. Protected Health Information.

(a) The Parties and their attorneys are hereby authorized to receive, subpoena and transmit "protected health information" pertaining to Plaintiff to the extent and subject to the conditions outlined herein.

(b) For the purposes of this qualified Protective Order, "protected health

information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(c) All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose protected health information pertaining to Plaintiff to attorneys representing the Plaintiff and Defendant in the above-captioned litigation.

(d) The Parties and their attorneys shall be permitted to use or disclose the protected health information of Plaintiff for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

(e) Prior to disclosing Plaintiff's protected health information to persons involved in this litigation, counsel shall inform each such person that Plaintiff's protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Plaintiff's protected health information do not use or disclose such information for any purpose other than this litigation.

(f) Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph 12(d) of this Order, shall return

Plaintiff's protected health information to the covered entity or destroy any and all copies of protected health information pertaining to Plaintiff, except that counsel are not required to secure the return or destruction of protected health information submitted to the Court.

(g) This Order does not control or limit the use of protected health information pertaining to Plaintiff that comes into the possession of the Parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

(h) Nothing in this Order authorizes counsel for the Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

(i) This Order does not authorize either Party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the Parties seek to file Plaintiff's protected health information under seal.

13. Where a Producing Party has designated Discovery Material as "Confidential" (or a substantial equivalent), other persons subject to this Order may disclose such information only to the following persons, provided that such individuals have been apprised by counsel of the confidential and/or proprietary nature of the material produced and of the existence of this Stipulated Protective Order:

(a) the Parties to this action, their insurers, and counsel to their insurers, and, as to Defendants, their officers, directors, partners, and management employees (including in-house counsel), to whom disclosure is reasonably necessary for purposes of this litigation;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers,

document-management consultants, and ESI vendors) that counsel hire and assign to this matter;

(d) any mediator that the Parties engage in this matter or that the Court appoints;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy (not including a person who received the document solely in the course of litigation);

(f) any witness who counsel for a Party in good faith believes may be called to testify at hearing or deposition in this action, or may have discoverable information, provided the witness agrees to be bound by the provisions of this Protective Order;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed an Acknowledgment of Protective Order in the form annexed as an Exhibit A hereto;

(h) court reporters or stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) the Court, including any support personnel, court reporters, and appellate court.

14. If any counsel or Party proposes to disclose any Confidential Discovery Material, or the information contained therein, to any person not included in the categories of authorized persons listed in paragraph 13, prior written notice of at least five (5) business days shall be given to other counsel. If counsel objects to the disclosure of documents, material or information, the document, material or information shall not be disclosed without an order by the Court.

**Use of Confidential Materials**

15. Recipients of any Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding.

16. Confidential Discovery Material will not be utilized in any filing or proceeding in open court without the written agreement of the Producing Party, or the prior approval of the applicable court. Any Party that wishes to file a pleading, motion or submission in court which attaches, quotes from, or otherwise discloses or uses Confidential Discovery Material or information, will apply to the Court for permission to file such pleading, motion or submission under seal.

17. No copies of any designated Confidential Discovery Material shall be made except to the extent necessary for the preparation of this litigation for the trial. Copies and extracts may be made by or for the persons described in paragraph 13, provided that all copies and extracts are marked "Confidential". All copies and extracts shall be considered confidential materials and subject to all the restrictions pertaining to the originals.

18. All Confidential Discovery Material as well as any and all duplicates, notes, memoranda and other documents that disclose, in whole or in part, their contents, shall be maintained in the strictest confidence by the Parties and counsel and shall be used solely for purposes of this lawsuit.

19. Each person who has access to Confidential Discovery Material pursuant to paragraph 13 of this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. However, inadvertent disclosure by a Party or non-party of any disclosure by any other person bound by this Order of any document or other information during

discovery in this action shall be without prejudice to any claims that such material is confidential, privileged, or otherwise protected from discovery, and said Party shall not be held to have waived any rights in this event of any inadvertent disclosure.

20. If documents designated as "Confidential" are shown to witnesses at deposition, or persons whom counsel reasonably and in good faith believes will be such witnesses, such documents shall not be retained by the witnesses but shall be returned to counsel after completion of their testimony, or in the case of deposition witnesses, after execution of their deposition transcript, or after counsel no longer reasonably believes the person will become a witness.

21. Information designated as "Confidential" may be used during the course of any deposition taken in this action, subject to the following conditions: (a) only designated persons as defined in paragraph 13 (depending on the kind of Confidential Discovery Material involved) may be in attendance at the deposition; (b) the witness is advised on the record or in writing of the existence and contents of this Order, and the witness agrees on the record or in writing to be bound by its terms; and (c) stenographers are advised of the existence and contents of this Order, and execute an Acknowledgement of Protective Order in the form annexed as an Exhibit A hereto. If a witness refuses to be bound by this Order, the Parties agree to immediately seek an order directing compliance. If this is not feasible, the examining attorney may still ask questions concerning the documents, although they will not be produced to the witness and the deposition shall be designated under seal until further order of the Court.

**Filing Under Seal**

22. If the Party files any Discovery Material designated as Confidential with the Court in connection with any motion, application, or proceeding, the Party shall designate the Discovery Material as confidential and move the Court to permit the Discovery Material to be filed "under

seal" as provided in Judge Oetken's Individual Rules and Practices in Civil Cases, Rule 2.E.ii. Prior to making such a motion, the Party may meet and confer with the Producing Party to determine whether the Discovery Material may be filed publicly.

**No Restriction on Use of Own Documents or Materials**

23. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action even if designated Confidential.

**Does Not Require Production of Privileged Information**

24. Nothing shall prevent a Party from withholding production of a document considered privileged (including, but not limited to, attorney-client or attorney work product) or otherwise restricted from production, despite the existence of this Stipulated Protective Order.

25. The production of confidential, privileged or work-product protected documents, electronically stored information or information, including witness testimony, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). If documents and/or information produced in discovery are subject to a claim of privilege or of protection as hearing- preparation material, the Producing Party may notify any party that received the documents and/or information of the claim and the basis for it. After being notified, a Receiving Party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim. The Producing Party must preserve the documents and/or

information until the claim is resolved.

26. Within sixty (60) days of the final disposition of this action, including all appeals, all recipients of Confidential Discovery Material must either return it, including all copies thereof, to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

(a) If any Confidential Discovery Material is furnished to a testifying or consulting expert, the attorney for the Party retaining such expert shall have the responsibility of ensuring that all such discovery material, including abstracts and summaries thereof, is returned to the Party or non-party producing the same.

(b) Counsel for a Party may retain abstracts or summaries of discovery materials, including Confidential Discovery Materials which contain counsel's mental impressions or opinions. Such abstracts or summaries, however, shall remain subject to the terms of this Order.

**Disputes Relating to this Order**

27. If counsel for any Party believes that the "Confidential" designation has been

improvidently applied, he/she shall so advise counsel for the Producing Party in writing. The Parties will attempt in good faith to resolve the dispute. If the dispute cannot be resolved within three (3) business days, a Party may file a motion to challenge the designation. Pending a ruling by the Court on the motion, all information designated as "Confidential" shall be governed by the limitations of this Protective Order.

28. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the Receiving Party a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to the Court.

**Requests from Nonparties**

29. Any person in possession of Confidential Discovery Material who receives from any nonparty to this action a request or subpoena or other process which seeks or requires the production of such material to any nonparty (the "Receiving Party"), shall promptly give notice by telephone or in writing, delivered by email or overnight delivery, to the Producing Party of such Confidential Discovery Material. Such written notice shall include a copy of the request, subpoena, or other process. If, within five (5) business days of receipt of such notice, the Producing Party notifies the Receiving Party that it intends to file a motion to quash or for a protective order, the Receiving Party shall not produce any information designated in this action as "Confidential" before a determination by the court from which the subpoena or other process issued. The Producing Party shall bear the burden of seeking protection of its Confidential Discovery Material in that court, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**Violations of this Order**

30. In addition to any civil remedies available, the Parties agree that willful or grossly negligent violation of any of the terms of this Order can be the basis for a Contempt proceeding in either federal or state court as appropriate and such other and further relief as the Court may deem equitable, just and proper. If any Party has evidence that the terms of this Order were or are about to be violated, a motion may be brought in the applicable court by an Order to Show Cause to enjoin such action and to hold the offending Party or individual in contempt.

31. The Parties agree that while this action is pending all claims arising out of this Agreement shall be made to the Court. The Parties agree that the interpretation and application of the terms of this Stipulated Protective Order shall be governed by the laws of the State of New York, excluding its conflicts of law provisions that would result in the application of the laws of any jurisdiction other than New York.

**Provisions Shall Remain Binding and Court Shall Retain Jurisdiction**

32. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

33. The Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

34. The Parties agree to be bound by the terms of this Stipulated Protective Order pending its entry by the Court.

ENTERED this 12th day of November, 2026.
New York, New York

Jennifer Rochon
Honorable Jennifer L. Rochon
United States District Judge

AGREED:

Dated: November 10, 2026

By: */s/ Nicholas J. Pappas*

**Nicholas J. Pappas**
New York Bar No. 2256436
pappas.nicholas@dorsey.com
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019-6119
Telephone: (212) 415-9200
Fax: (212) 953-7201

**Michelle S. Grant**
*Pro hac vice*
grant.michelle@dorsey.com
DORSEY & WHITNEY LLP
50 S. 6th Street, Suite 1500
Minneapolis, MN, 55402
Telephone: (612) 340-2600
Fax: (612) 340-2868

*Attorneys for Defendants*

Dated: November 10, 2026

By: */s/ Flynn Ezra Beckman*

(signed with permission via email)
**Flynn Ezra Beckman**
New York Bar No. 6215545
flynn.beckman@cjlaw.com
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 323-5000
Fax: (801) 355-3472

*Attorneys for Plaintiffs*